**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF COASTAL DAWN SERVICES LLC, | § | **CIVIL ACTION** |
| AS OWNER AND DAWN SERVICES, LLC | § | |
| AS OPERATOR OF THE M/V COASTAL | § | **NO. 2:17-CV-8058** |
| DAWN PETITIONING FOR | § | |
| EXONERATION FOR OR LIMITATION | § | **SECTION I** |
| OF LIABILITY | § | |

## ANSWER AND CLAIM OF DELFINO RIOS

Claimant, Delfino Rios ("Claimant"), a resident of the State of Texas, through undersigned counsel, files this answer and claim in response to these proceedings and would respectfully represent the following:

## I.  BRIEF PROCEDURAL HISTORY

On or about October 16, 2016, Delfino Rios was injured during the course of his work as a deckhand for Great Lakes onboard the Crane Barge 63.  Rios was struck by a piece of pipe after the pipe was struck by the M/V COASTAL DAWN.  Claimant Rios filed suit against Great Lakes on October 31, 2016.  Claimant Rios sued Dawn Services on April 3, 2017.  Petitioner M/V COASTAL DAWN filed this limitation action sometime thereafter – Claimant Delfino Rios was never provided notice of this proceeding.

## II.  DEFENSES AND ANSWER

For answer to the Complaint, Claimant states the following defenses and responses to the allegations:

## FIRST DEFENSE

Venue is improper in this forum.

**SECOND DEFENSE**

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. P.

**THIRD DEFENSE**

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors Petitioner over Claimant and deprives Claimant of his property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**FOURTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.*, the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimant's claims. The proper security must be deposited at the time of filing. Rule F(1). Petitioner's deposit at the time of filing did not meet the requirements of Rule F(1). Accordingly, this limitation action must be dismissed.

**FIFTH DEFENSE**

The incident made the basis of Claimant's claims caused serious injury to Claimant, and was caused, at least in part, by the negligence of Petitioner, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioner, its principals, agents, servants, and/or employees. Accordingly, Petitioner cannot limit its liability.

**SIXTH DEFENSE**

Claimant asserts the flotilla doctrine.

**SEVENTH DEFENSE**

Claimant respectfully reserves his right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue his claims in the forum of his choice, Harris County state court. Claimant movres this Court to lift the injunction and stay of the proceedings in Harris County state court. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir.), *cert denied*, 516 U.S. 907 (1995); *In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004).

**EIGHTH DEFENSE**

Claimant specifically objects to the value of the vessels estimated by Petitioner, and reserves the right to challenge it.

AND NOW, with full reservation of all the defenses asserted above, Claimant answers the allegations of Petitioner, as follows:

**I.**

Claimant denies the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

**II.**

Claimant denies the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

**III.**

Claimant denies the allegations in Paragraph 3.

**IV.**

Claimant denies the allegations in Paragraph 4.

**V.**

Claimant has no knowledge of the allegations in Paragraph 5.

**VI.**

Claimant admits to the allegations in Paragraph 6.

**VII.**

Claimant denies the allegations in Paragraph 7.

**VIII.**

Claimant denies the allegations in Paragraph 8.

**IX.**

Claimant denies the allegations in Paragraph 9.

**X.**

Claimant denies the allegations in Paragraph 10.

**XI.**

Claimant denies the allegations in Paragraph 11.

**XII.**

Claimant denies the allegations in Paragraph 12.

**XIII.**

Claimant denies the allegations in Paragraph 13for lack of sufficient information to justify a belief in the truth thereof.

**III.  CLAIM**

AND NOW, Claimant asserts the following claims against Petitioner as follows:

**I.**

On or about October 16, 2016, Mr. Rios was working for Defendant aboard Defendant's vessel.  Plaintiff was working on the Crane 63 barge.  Plaintiff was working on the subline putting on new ball connectors.  Some of the pipe was placed on the crane.  This pipe eventually

fell on top of Plaintiff injuring his shoulder, neck, back and arms.  Based on information and belief, this crane was struck by a tug boat owned and operated by Dawn Services, LLC.

## II.

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioner, Claimant sustained severe bodily injuries.  Claimant has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## III.

As a result of the foregoing injuries, Claimant has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## IV.

Additionally, Claimant has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

## V.

As a result of the injuries sustained in the occurrence of October 16, 2016, Claimant has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## VI.

Claimant is physically impaired as a result of the injuries he sustained on October 16, 2016. As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## VII.

Pleading further, in the alternative, if it be shown that Claimant was suffering from some

pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of Claimant's underlying lawsuit.

## VIII.

Claimant prays for judgment against Petitioner, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Answer and Claim be deemed good and sufficient, that after due proceedings, there be judgment denying the Complaint of Petitioner for exoneration from or limitation of liability, with all costs to be borne by such Petitioner, and for such other relief to which he may be justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/: Anthony G. Buzbee*
    Anthony G. Buzbee
    Attorney-in-charge
    State Bar No. 24001820
    Fed. ID No. 22679
    J.P. Morgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Phone: (713) 223-5393
    Facsimile: (713) 223-5909
    Email: TBuzbee@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the October 30, 2017, Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

_/s/ Christopher J. Leavitt_

Christopher J. Leavitt
