UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION |
| COMPLAINT OF COASTAL DAWN | § | |
| SERVICES LLC, AS OWNER AND | § | NO. 17-8058 |
| DAWN SERVICES, LLC AS | § | |
| OPERATOR OF THE M/V COASTAL | § | SECTION "I", MAG. DIV. (3) |
| DAWN PETITIONING FOR | § | |
| EXONERATION FRO OR | § | JUDGE AFRICK |
| LIMITATION OF LIABILITY | § | |
| | § | MAG. JUDGE KNOWLES |
| | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**OR, ALTERNATIVELY, TRANSFER**

COMES NOW Claimant Great Lakes Dredge & Dock Company, LLC ("Great Lakes"), pursuant to Rule F(9) of the Supplemental Rules of Admiralty and Maritime Claims and Fed. R. Civ. P. 12(b)(3), to respectfully move for dismissal of the Complaint for Exoneration from or Limitation of Liability filed by Coastal Dawn, LLC and Dawn Services, LLC (jointly referred to as the "Limitation Petitioners") for lack of venue based on:

- Prior to this suit being initiated, Limitation Petitioner Dawn Services, LLC ("Dawn Services") was joined in and answered a lawsuit filed in Harris County, Texas in connection with the same incident underlying this action such that any limitation proceedings were required to filed in the Southern District of Texas; and,

- Dawn Services contractually agreed that "any controversy between itself and [Great Lakes] concerning [Dawn Services]'s obligations under [their indemnity agreement] may be litigated in the same forum as, and concurrently with any lawsuit against [Great Lakes] to which such controversy may relate, and [Dawn Services] agree[d] to voluntarily appear in such forum and submit to the jurisdiction thereof."

Alternatively, this matter should be transferred to the United States District Court for the Southern District of Texas – Houston Division pursuant to Supplemental Rule F(9) and 28 U.S.C. § 1404(a).

{N3500222.1}22973♦

## I.    BACKGROUND

1.      This case involves an alleged personal injury sustained by Delfino Rios on or about October 16, 2016, as he was working as a deckhand for Great Lakes onboard the Crane Barge 63. Specifically, Rios was allegedly injured when the Limitation Petitioners' vessel, the M/V COASTAL DAWN, allegedly hit a piece of dredge pipe.  [Doc. No. 1 at p. 2, ¶ 4].

2.      At the time of the incident, Dawn Services was performing services, including providing and operating the vessel COASTAL DAWN pursuant to the terms of an agreement by and between Dawn Services and Great Lakes.  As part of the agreement between Dawn Services and Great Lakes, Dawn Services, contractually agreed that "any controversy between itself and [Great Lakes] concerning [Dawn Services]'s obligations under this indemnity may be litigated in the same forum as, and concurrently with any lawsuit against [Great Lakes] to which such controversy may relate, and [Dawn Services] agrees to voluntarily appear in such forum and submit to the jurisdiction thereof."  [See Ex. C – Great Lakes' Terms and Conditions at p. 2 (GLDD 0558)].

3.      Prior to the initiation of these proceedings:

- Rios filed suit in Texas state court in connection with the October 31, 2016, incident initially naming Great Lakes as the sole defendant in Cause No. 2016-75613, pending in the 234th Judicial District Court of Harris County, Texas, and styled *Rios v. Great Lakes Dredge & Dock Company, LLC*.

- On February 20, 2017, Great Lakes tendered its demand for defense, indemnity and insurance to Dawn Services in connection with the claims made against it by Rios.

- On April 3, 2017, Rios filed his first amended petition, joining claims against Dawn Services, LLC.  [See Ex. A – Rios' First Amended Petition].

- On May 10, 2017, Dawn Services, LLC entered a general appearance in the Texas state court action.  [See Ex. B – Dawn Services, LLC's Special Exceptions and Original Answer].

- On May 11, 2017, Great Lakes filed a cross-claim for indemnity, or alternatively contribution, from Dawn Services, LLC in the Texas state court action. [See Ex. D – Great Lakes' Original Cross-Claim].

3.     Despite having actual knowledge of the claims being made against Dawn Services in the Harris County, Texas litigation, the Limitation Petitioners initiated this Limitation Action in this Court on August 21, 2017.

## II.     ARGUMENT AND AUTHORITIES

4.     28 U.S.C. § 1391 is titled "Venue generally" and governs venue in most federal civil actions.  However, Rule 82 of the Federal Rules of Civil Procedure states: "These rules do not extend or limit the jurisdiction of the district courts or the venue of the actions in those courts.  An admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §§ 1391-1392."  Accordingly, the federal general venue statute does not apply to this matter.

5.     Instead, Supplemental Rules of Admiralty and Maritime Claims Rule F(9) provides in pertinent part as follows:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, **if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim**.

Rule F(9) of the Supplemental Rules of Admiralty and Maritime Claims (emphasis added).

6.     Based on the joinder of claims against Dawn Services, LLC in the Harris County lawsuit, which Limitation Petitioners had actual knowledge of but failed to note in their Complaint for Exoneration from or Limitation of Liability, Limitation Petitioners were required to file their complaint in the United States District Court for the Southern District of Texas – Houston Division.

7.     Further, venue is also improper herein because Dawn Services, LLC contractually agreed to voluntarily appear and submit to the jurisdiction of any venue where Great Lakes was

already litigating related claims.  As the U.S. Supreme Court first observed in *The Bremen v. Zapata*

*Off-Shore Co*., 407 U.S. 1 (1972), forum selection clauses in commercial maritime contracts are

"*prima facie* valid".  *Id*. at 10.  Since that time, the Supreme Court has consistently reaffirmed that

holding.  See, *e.g*., *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528 (1995)

(enforcing foreign arbitration clause); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595

(1991) (upholding dismissal of Washington residents' case in Washington federal district court

based on forum-selection clause designating Florida as the sole forum for suits against a Florida-

based cruise line).

8.     Based on the foregoing, venue for the Limitation Petitioners' limitation action is

improper in the Eastern District of Louisiana.  Under Supplemental Rules of Admiralty and

Maritime Claims Rule F(9), "if venue is wrongly laid the court shall dismiss" the action.  Great

Lakes respectfully requests that the Court do so here.

9.     Alternatively, the Court may transfer this action.  While the general venue statute

does not apply to admiralty actions, the Court still maintains discretion to transfer the case to

another federal district court pursuant to 28 U.S.C. § 1404(a).  See *In re McDonnell-Douglas Corp*.,

647 F.2d 515, 516 (5th Cir. 1981) ("Although the other general venue statutes are inapplicable in

admiralty, section 1404(a) has been held to apply." (citing 15 C. Wright, A. Miller & E. Cooper,

Federal Practice and Procedure: Jurisdiction s 3817, at 106 (1976))).  Section 1404(a) provides that

"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought or to any district

or division to which all parties have consented."  Rule F(9) similarly provides that "if it be in the

interest of justice, [the court may] transfer the action to any district in which it could have been

brought".  If the Court elects not to dismiss this limitation action, transfer to the Southern District of Texas – Houston Division would be appropriate.

### III.    CONCLUSION

10.    If Coastal Dawn, LLC and Dawn Services, LLC are entitled to seek limitation of liability, they should have filed this action in the Southern District of Texas based on the prior suit pending in Harris County, Texas, against Dawn Services, LLC.  The Court should dismiss the Limitation Petitioner's limitation action or, alternatively, transfer it to the district where it should have been initially filed pursuant to both Supplemental Rules of Admiralty and Maritime Claims Rule F(9) and the forum selection agreement between Great Lakes Dredge & Dock Company, LLC and Dawn Services, LLC.

Respectfully submitted,

JONES WALKER, L.L.P.


*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (#30034)
CHRISTOPHER K. ULFERS (#36712)
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8320 Telephone
(504) 589-8320 Facsimile

*Attorneys for Claimant,*
*Great Lakes Dredge & Dock Company, LLC*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Jones Walker, L.L.P., attorneys in charge for the Claimant herein, and that I served a true and correct copy of the foregoing to all counsel of record on this the **30th** day of **October, 2017**.

/s/ Jefferson R. Tillery
JEFFERSON R. TILLERY

{N3500222.1}22973♦                                            6