UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO. 17-8058 |
| OF COASTAL DAWN, LLC, AS | * | |
| OWNER AND DAWN SERVICES, LLC | * | SECTION: "I-3" |
| AS OPERATOR OF THE | * | |
| M/V COASTAL DAWN | * | |
| PETITIONING FOR EXONERATION | * | JUDGE: Hon. Africk |
| FROM OR LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE: Hon. Knowles |

**Opposition to Motion to Dismiss**

Great Lakes Dock & Dock & Dredge Company, LLC moves this Court to transfer this limitation to Houston, Texas, on the grounds suit has already been filed in Houston and therefore Houston is the proper venue for limitation. In its Complaint for Limitation, Paragraphs 6 and 7, Dawn Services, LLC and Coastal Dawn, LLC (collectively, "Dawn") acknowledged that suit has been filed in the 234th district court in Houston, Texas, but added that there is no jurisdiction against Dawn in that suit. Because Rios cannot establish personal jurisdiction against Dawn in Texas, that suit does not qualify as a "suit against the Owner" within the meaning of Supplemental Rule F(9). See *In re Bloomfield Steamship Co.*, 227 F.Supp. 615 (E.D. La. 1964) (holding that if there is no jurisdiction against the limitation petitioner where suit was filed, the limitation petitioner would not be bound to file for limitation in that forum). Therefore this Court is the proper jurisdiction and venue for this limitation action.

1. **There is no jurisdiction against Dawn in Houston, Texas.**

A threshold matter is whether there is personal jurisdiction against Dawn in Harris County, Texas. Because there is not, this limitation action is appropriate. See *In re Bloomfield Steamship Co.* 227 F.Supp. 615. Meantime, Dawn could not have filed for limitation in Texas without waiving its right to challenge jurisdiction because, as part of a limitation, Dawn is required to

1

submit security – the *res* – which grants the Court jurisdiction. See *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258 (5th Cir. 2001).

If Rule F(9) required the owner to file a limitation wherever it had been sued, regardless of jurisdiction, then a limitation plaintiff would be required either (a) to waive limitation, or (b) to waive personal jurisdiction. That cannot be the result meant, as the *Bloomfield Steamship* court found. Personal jurisdiction must exist over the shipowner in the district where suit was first filed for that district to be the required venue for a limitation. The Rule provides that "the proceedings may be had in the district in which the vessel may be," but if the limitation plaintiff in a wreck on Lake Tahoe were to transport the *res* by flatbed truck to New Orleans to manufacture jurisdiction, surely the Court would not allow that.

Rule F(9) should not be read as a method for a plaintiff to confound a vessel owner's due process rights. Just as the limitation plaintiff from Lake Tahoe should not be able to use limitation to force claimants to appear in New Orleans, a party injured on Lake Tahoe should not be able to file a claim in New Orleans and thereby make the vessel owner choose between filing for limitation in New Orleans or giving up its right to file a limitation action. Rule F(9) should not be read to require Dawn to choose between personal jurisdiction and limitation.

Further, only Dawn Services, the operator of the vessel, was sued in Texas. Coastal Dawn, the owner of the M/V COASTAL DAWN, was not sued. It would hardly show judicial efficiency for Coastal Dawn to proceed in this limitation while Dawn Services would have a separate limitation in Texas.

    **a. There is no specific jurisdiction against Dawn in Texas.**

Plaintiff, Delfino Rios, was a Great Lakes employee. He was injured while working in Louisiana territorial waters, for a job taking place in Louisiana territorial waters. He alleges that a

Dawn vessel, the M/V COASTAL DAWN, caused or contributed to his injury by bumping a dredge pipe on the project site in Louisiana waters at Shell Island. Dawn made an appearance in Texas, and in that appearance, it contested jurisdiction. No Dawn work of any sort occurred in Texas relative to this job or relative to Delfino Rios's accident. Therefore, there is no specific jurisdiction in Texas against Dawn.

### b. There is no general jurisdiction against Dawn in Texas.

The Supreme Court's 2014 decision in *Daimler AG v. Bauman*, 134 S.Ct. 746, and its 2011 decision in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, together confirm that general jurisdiction is limited to the defendant's home state in all but extreme circumstances. There are no such circumstances here. Citing the unanimous *Goodyear* opinion, the eight-to-one *Daimler* Court reaffirmed that "a court may assert jurisdiction over a foreign corporation to hear any and all claims against it only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." *Id.* at 751. The *Daimler* Court reiterated *Goodyear*'s holding, that "specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction has played a reduced role." *Id.* at 755.

In *Daimler*, the Supreme Court specifically rejected the plaintiffs' claim that a defendant is subject to general jurisdiction "in every state in which a corporation engages in a substantial, continuous, and systematic course of business." *Id.* at 760 – 761. "That formulation," the Court held, "is unacceptably grasping." *Id.* "The inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the state are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.*

3

With the legal precepts in view, the Supreme Court held that Daimler, which sells over 10% of all its new cars in California, which has multiple California-based facilities, including a regional office, a Vehicle Preparation Center, and a Classic Office, and which is the largest supplier of luxury vehicles to California, was not subject to general jurisdiction in California.

This Court and courts in the Fifth Circuit has read *Daimler* as written, limiting general jurisdiction to extreme circumstances outside the defendant's principal place of business. As Judge Morgan explained in dismissing a claim against ENSCO, "it is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *O'Berry v. ENSCO International, LLC*, C/A No. 16-3569 (E.D. La. March 20, 2017), citing *Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 432 (5th Cir. 2014), and in *Patterson v. Aker Solutions Incorporated*, 826 F.3d 231 (5th Cir. 2016), the Fifth Circuit held it must be "an exceptional case" to subject a defendant to general jurisdiction outside its home.

Compared to *Daimler*, the facts at hand are easy. Shown in the attached Affidavit, Dawn does not maintain an office or agent for service of process in Texas; it does not have real property in Texas. Dawn's only connection to Texas is that it does a small amount of its work – less than five precent – in Texas. If that were the test for general jurisdiction, Dawn – or any local vessel company – could be subject to general jurisdiction anywhere on the Gulf Coast or along the Atlantic Seaboard. There is no jurisdiction against Dawn in Texas. Therefore this matter should not be transferred to the Southern District of Texas.

**2. Dawn did not consent to jurisdiction in Texas.**

Great Lakes argues that Dawn contractually agreed to venue in Texas even though there was no written contract. Instead, Great Lakes argues Dawn is bound by terms and conditions on

Great Lakes' website, but it does so without proof that the terms and conditions form part of a binding contract between Dawn and Great Lakes.

### a. The website terms and conditions referenced on the purchase order have not been established to apply, and do not apply.

Whether terms and conditions noticed on a website form binding contractual terms depends on circumstances. The party relying on purchase order terms bears the burden of proving that they were agreed-to between the parties. *One Beacon Ins. Co. v. Crowley Marine Services*, 648 F.3d 258 (5th Cir. 2011). This can be shown through course of dealing over time or other evidence, but it requires evidence. It is not enough for Great Lakes to observe that its purchase order refers to its website. Great Lakes has not proven the terms and conditions formed part of the contract.

The lead case is *One Beacon Ins. Co.* There, the Fifth Circuit upheld the district court's conclusion that terms on a website, referenced on a purchase order, formed part of a contract between the parties, *Id.* at 270 – 71, but that was after a full trial on the merits, which was required not regarding the terms on the website, but instead to determine whether the terms formed part of a contract. This Court should not dismiss or transfer Dawn's otherwise proper limitation because another court may conclude Dawn was a party to a contract that included a venue clause, and further, that the venue clause applies (which, discussed below, it does not.)

Here, the facts indicate the terms and conditions do not apply. Dawn has routinely performed vessel services for Great Lakes without an applicable purchase order. Here, the purchase order (Exhibit "A") is dated June 24, 2016 but it lists a delivery date of May 12, meaning Dawn's work in May and most of June was without a purchase order. The purchase order purports to be valid for 126 days, but that goes until September 16, 2016 and the accident date is October 15, 2016: fully a month after the purchase order expired on its own terms.

If this Court did dismiss or transfer, Dawn would then be able to disprove that the website terms and conditions were a part of a contract, and further, disprove that the venue provision applies, but it would have no remedy because the limitation deadline had run.

### b. The venue provision, even if it applied, is not a reason to dismiss or transfer this limitation.

Assuming the terms and conditions apply, they do not bar Dawn's limitation because, discussed below, they exist to support an indemnity obligation that does not exist, and the venue provision is limited to defense and indemnity, not Rios's (or anyone else's) claims against Dawn under any other theory.

The relevant paragraph Great Lakes cites for the proposition Dawn waived jurisdiction is on page 2, in a section titled INDEMNITY & INSURANCE, which provides:

1. If Vendor's (Dawn's) work under this Order involves any operation on the premises of Buyer (Great Lakes) or one of its customers, Vendor shall take all necessary precautions to prevent injury or death to persons or damage to property during such operation. Vendor shall indemnify, defend and hold harmless Buyer and its customers from any and all claims which may result in any way from any act or omission by the Vendor, its agents, employees, or subcontractors arising out of any such operation.

2.
    a. Vendor (Dawn) agrees to indemnify and hold harmless Buyer and Buyer's agents and employees from and against any and all losses or claims for losses, liability, damage or expenses, including counsel and other legal fees, which arise out of or result from any of the following: (1) any injury to person or property arising or resulting from any actual alleged defect in any of the articles or services, or any act or omission of Vendor or Vendor's agents or employees, or any of Vendor's subcontractors, with respect to any of the articles or services [. . .]

    b. In the event that any action or proceeding based upon any of the matters referred to in (2)(a) above is brought against Buyer or or its agents, Buyer will promptly notify Vendor and vendor shall, if Buyer so requests, resist and defend such action or proceeding by reputable counsel retained at Vendor's expense. In addition, Buyer may appear and be represented of its own choosing [*sic*] at Buyer's expense.

> c. Vendor agrees that any controversy between itself and Buyer concerning Vendor's obligations under this indemnity may be litigated in the same forum as, and concurrently with, any lawsuit against Buyer to which such controversy may relate, and Vendor agrees to voluntarily appear in such forum and submit to the jurisdiction thereof.

Two inescapable conclusions follow: *First*, Dawn will never, under any law or circumstance, owe defense or indemnity to Great Lakes because Great Lakes' terms and conditions do not require indemnity for Great Lakes' negligence. The indemnitor must expressly state that the indemnitor owes indemnity for the indemnitee's own fault. See *Batson-Cook Company v. Industrial Steel Erectors*, 257 F.2d 410, 412 (5th Cir. 1958) (Brown, J.).[1] These terms and conditions, rather than expanding indemnity to Great Lakes' negligence, limit it to "any act or omission" by Dawn or "any defect" in Dawn's services. Great Lakes is not owed indemnity.

*Second*, the venue clause only purports to apply to Great Lakes' fatally flawed demand for defense and indemnity, not to every claim. If this clause applied, Dawn would only have to defend Great Lakes' suit for defense and indemnity where Great Lakes had been sued by the plaintiff. But Dawn would not have to defend Rios's claim – or any other claim arising out of the same or similar facts – in that same venue. This conclusion flows both from the language of the specific provision, and from its context. The venue provision is in the section titled "indemnity & insurance," and in the subsection, (2), dealing with indemnity. It provides:

> Vendor agrees that any controversy between itself and Buyer ***concerning Vendor's obligations under this indemnity*** may be litigated in the same forum as, and concurrently with, any lawsuit against Buyer to which such controversy may relate, and Vendor agrees to voluntarily appear in such forum and submit to the jurisdiction thereof." (emphasis added).

---

[1] "[T]he problem inexorably begins and ends as one of construction of the specific contractual terms, and that in this process it is the law which steps in and tells the parties that while it need not be done in any particular language or form, unless the intention is unequivocally expressed in the plainest of words, the law will consider that the parties did not undertake to indemnify one against the consequences of his own negligence."

If the clause applied in the first instance because the terms and conditions form part of a contract, this language does not make Texas the only venue in which Dawn can proceed. The purpose and meaning of this language is that Great Lakes' indemnity demand against Dawn should proceed with the plaintiff's suit against Great Lakes. That will happen in this limitation action, because the Texas suit is stayed.

The issue is roughly analogous to *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501 (5th Cir. 2004). There, the City of New Orleans and Municipal Administrative Services, Inc. ("MAS") entered into a contract with a forum selection clause:

> The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor.

Sued in New Orleans, MAS removed to federal court. The City moved to remand on the basis of the forum selection clause, but the district court, and the Fifth Circuit, disagreed. "A party's consent to jurisdiction in one forum," the court held, "does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* at 504, citing *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974).

The Great Lakes forum selection clause is not exclusive because it does not clearly demonstrate that the claim can *only* go forward in the district where Great Lakes was initially sued. The clause provides only that the claims should proceed together – thus the permissive, rather than mandatory language, "may be litigated in the same forum." Mr. Rios has made a claim against Dawn in the limitation action and Dawn will inevitably counterclaim Great Lakes, tendering Rios's claim to Great Lakes under Rule 14(c). Presumably, Mr. Rios will bring an action against Great

8

Lakes as well (or, if he does not believe Great Lakes is liable, he may not, but in that case Great Lakes would not have a claim for indemnity.) In any event, the issues will proceed together, in the same forum in the limitation. The clause will be complied with.

Much more permissive than the *City of New Orleans v. MAS* forum selection clause, the Great Lakes clause in no way burdens Dawn's right to bring a limitation action. It applies to require Dawn to litigate only those controversies *with Great Lakes*, *regarding indemnity*, at the same time and in the same place as Great Lakes is litigating with a plaintiff. That can all occur in the instant action, and only in the instant action.

The clause does not require Dawn to waive personal jurisdiction for Rios's claim, nor for any other claim except the dead-on-arrival claim by Great Lakes, against Dawn, for defense and indemnity. Nor should the Court broaden a clause, written by Great Lakes, that would operate to limit Dawn's due process rights by subjecting Dawn to personal jurisdiction anywhere, at any time. Because the clause does not require Dawn to consent to jurisdiction for all purposes in Texas, the limitation action in New Orleans should not be dismissed: Mr. Rios sued Great Lakes in Houston, then he sued Dawn in Houston. Great Lakes has sued Dawn in Houston. But Mr. Rios's claim against Dawn in Houston must fail for lack of personal jurisdiction against Dawn there, and the venue part of terms and conditions – if the terms and conditions apply at all – applies only to make Dawn defend the claim against Great Lakes in Houston. Rios's claim against Dawn can only proceed in Louisiana, and therefore the limitation is proper and appropriate.

## **Conclusion**

Dawn respectfully submits this Court should not dismiss or transfer the limitation action. The only appropriate jurisdiction is in Louisiana, thanks to specific jurisdiction, because the

9

accident occurred here. If this Court rules against Dawn, however, Dawn respectfully submits transferring the case is a preferable remedy to dismissing it.

        Respectfully submitted:

        HARRIS & RUFTY, L.L.C.

        /S/ ALFRED J. RUFTY
        ALFRED J. RUFTY, III (#19990)
        RUFUS C. HARRIS, III (#6638)
        650 Poydras Street, Suite 2710
        New Orleans, Louisiana 70130
        Telephone: (504)525-7500
        Attorney for Coastal Dawn, LLC
        and Dawn Services, LLC

## Certificate of Service

I certify that this pleading has been electronically filed via CM/ECF, which will send notice to all counsel, this 8th day of November, 2017.

        /s/Alfred J. Rufty