UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>THE COMPLAINT OF<br>COASTAL DAWN, LLC<br>AS OWNER, AND<br>DAWN SERVICES, LLC<br>AS OPERATOR OF THE<br>M/V COASTAL DAWN<br>FOR EXONERATION FROM<br>OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 17-8058<br><br>SECTION I |

**ORDER & REASONS**

Before the Court is a motion[1] for injunctive relief filed by claimant Great Lakes Dredge & Dock Company, LLC ("Great Lakes"). Petitioners Coastal Dawn, LLC, owner, and Dawn Services, LLC, operator of the M/V COASTAL DAWN (collectively, "Coastal Dawn") filed a memorandum in support of Great Lakes' motion.[2] Claimant Delfino Rios ("Rios") opposes the motion.[3] Alternatively, Great Lakes argues that it is an indispensable party to Rios's claim against Coastal Dawn in the above-captioned matter and it asserts that it should be added as an additional defendant to Rios's claim.[4]

**I.**

On or about October 16, 2016, Rios was working as a deckhand for Great Lakes aboard the Derrick Crane Barge 63, which is owned and operated by Great Lakes.[5]

---

[1] R. Doc. No. 44.
[2] R. Doc. No. 55.
[3] R. Doc. No. 57.
[4] R. Doc. No. 44-1, at 10.
[5] R. Doc. No. 4, at 1; R. Doc. No. 44-1, at 2.

On that date, Great Lakes and Coastal Dawn were working on Great Lakes Shell Island West Project near Plaquemines Parish.[6] Great Lakes contracted with Coastal Dawn for Coastal Dawn to perform work on the project, which included operation of the M/V COASTAL DAWN.[7] Rios alleges that the M/V COASTAL DAWN struck a piece of pipe, which then fell on top of him, causing injuries to his shoulder, neck, back, and arms.[8] On October 31, 2016, Rios filed a lawsuit in Harris County, Texas against Great Lakes and Dawn Services, LLC relative to his injuries.[9]

On May 11, 2017, Great Lakes filed a cross-claim against Dawn Services, LLC in the Texas state court action, "seeking defense, indemnity, and/or contribution for [Rios's] claims," pursuant to a contract between them, and asserting that Coastal Dawn may be liable to Great Lakes for all or part of Rios's claims.[10]

Great Lakes asserts that the contract requires Coastal Dawn to "protect, defend, and indemnify Great Lakes from any claims such as those asserted by [Rios]."[11] Great Lakes also asserts that it is an additional insured on Coastal Dawn's liability insurance.[12]

---

[6] R. Doc. No. 44-1, at 2.
[7] *Id.*
[8] R. Doc. No. 4, at 1; R. Doc. No. 44-1, at 2.
[9] R. Doc. No. 44-1, at 2; R. Doc. No. 44-2.
[10] R. Doc. No. 44-1, at 2; R. Doc. No. 5-3.
[11] R. Doc. No. 44-1, at 2; R. Doc. No. 44-3, at 2 ("[Coastal Dawn] shall indemnify, defend and hold harmless [Great Lakes] and its customers from any and all claims which may result in any way from any act or omission by [Coastal Dawn], its agents, employees, or subcontractors arising out of any such operation.").
[12] R. Doc. No. 44-1, at 2; R. Doc. No. 44-4.

On August 21, 2017, Coastal Dawn filed the above-captioned limitation of liability action, which stayed the Texas state court action filed by Rios.[13] Great Lakes thereafter filed a claim in the above-captioned matter seeking indemnity from Coastal Dawn relative to Rios's claims against Great Lakes.[14]

Great Lakes subsequently filed a motion requesting that this matter be transferred to the Southern District of Texas.[15] Coastal Dawn opposed the motion and asserted that the Texas courts do not have personal jurisdiction over it.[16] After this Court lifted its stay to allow the parties to participate in discovery and litigate the jurisdictional issue in Texas,[17] Rios filed a notice of non-suit in the Texas state court and he elected to proceed in the limitation action before this Court.[18]

The parties agreed at an October 29, 2018 status conference that they did not have any further venue or jurisdictional issues.[19] Nevertheless, on January 3, 2019, Rios filed another lawsuit in Harris County, Texas. This second Texas state court lawsuit arises out of the same October 16, 2016 incident, but it names only Great Lakes as a defendant.

Great Lakes moves the Court to enjoin the Texas state court proceeding filed by Rios. It argues that the second Texas lawsuit violates the Court's August 29, 2017 order, which stated:

---

[13] R. Doc. Nos. 1, 3.
[14] R. Doc. No. 6.
[15] R. Doc. No. 8.
[16] R. Doc. No. 11.
[17] R. Doc. No. 18.
[18] R. Doc. No. 19.
[19] R. Doc. No. 27.

> [T]he commencement or further prosecution of any action o[r] proceeding against petitioner, its employees, its insurers, or any of its property with respect to any claim for which petitioner seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury, or destruction resulting from the casualty described in the complaint be and is hereby stayed and restrained until the hearing [and] determination in this proceeding.[20]

Great Lakes argues that the Texas lawsuit filed by Rios against it threatens Coastal Dawn's absolute right to limit Coastal Dawn's liability in the above-captioned limitation action and requires Great Lakes to conduct discovery in state court when it has already conducted extensive discovery related to Rios's claims before this Court.[21]

Rios argues that (1) Great Lakes does not have standing to enjoin the Texas state court proceeding because it is not the shipowner in the limitation action; (2) the Texas lawsuit does not violate the Court's order; and (3) the Anti-Injunction Act prohibits this Court from enjoining Rios's Texas state court proceeding.

## II.

The Limitation of Liability Act ("limitation act") gives a shipowner, who faces potential liability from an accident at sea and who lacks privity or knowledge of the cause of the accident,[22] the right to petition a federal district court to limit its liability

---

[20] R. Doc. No. 44-1, at 4–5 (quoting R. Doc. No. 3, at 2).
[21] *Id.* at 5.
[22] The "privity or knowledge" exception to the limitation act was not defined by Congress and "has proven difficult to apply." *In re Hellenic Inc.*, 252 F.3d 391, 394 (5th Cir. 2001).

4

to the value of the vessel and the pending freight. 46 U.S.C. §§ 30505, 30511; *In re Blessy Enters., Inc.*, 537 F. App'x 304, 305 (5th Cir. 2013); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). "When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)); § 30511(c). Further, Rule F(3) of the Supplemental Rules of Certain Admiralty & Maritime Claims of the Federal Rules of Civil Procedure provides that once the shipowner has complied with all procedural requirements for filing a complaint in a limitation action, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property

---

> If the shipowner is a corporation, "knowledge is judged by what the corporation's managing agents knew or should have known with respect to the conditions or actions likely to cause the loss." Once the claimant establishes negligence or unseaworthiness, the burden shifts to the owner of the vessel to prove that negligence was not within the owner's privity or knowledge. . . . [T]he question of "privity or knowledge must turn on the facts of the individual case," stating that a corporation "is charged with the privity or knowledge of its employees when they are sufficiently high on the corporate ladder." We have further explained that privity or knowledge "is imputed to the corporation when the employee is 'an executive officer, manager or superintendent whose scope of authority includes supervision over the phase of the business out of which the loss or injury occurred.'" These observations reflect, if unevenly, broader and familiar principles of agency law.

*Id.* at 394–95 (internal citations omitted).

5

with respect to any claim subject to limitation in the action." "Thus, the shipowner possesses both the right to protection from suits outside the limitation proceeding and the right to seek intervention of the federal admiralty court to enjoin such suits. The scope of those rights, however, [is] subject to several limitations." *In re Lynx Prod. Servs.*, No. 13-5067, 2014 WL 1378869, at *3 (E.D. La. Apr. 8, 2014) (Lemelle, J.).

One limitation to enjoining the state court action is the saving-to-suitors clause, 28 U.S.C. § 1333. "Federal courts have exclusive admiralty jurisdiction of suits brought under the [Limitation of Liability] Act, but 'saving to suitors . . . all other remedies to which they are otherwise entitled.'" *Magnolia Marine*, 964 F.2d at 1575 (quoting 28 U.S.C. § 1333). "This statutory framework has created a 'recurring and inherent conflict' between the saving-to-suitors clause of § 1333, with its 'presumption in favor of jury trials and common law remedies,' and the 'apparent exclusive jurisdiction' vested in admiralty courts by the Act." *Id.* (quoting *Dammers*, 836 F.2d at 754). The saving-to-suitors clause dictates that claimants must be allowed to exercise their claims against the shipowners in state court where the claim does not exceed the value of the limitation, "[b]ut even when the claim does exceed that value, the claimant still may prefer state court, for example, if the claimant possesses a related claim against a party who is not protected by the Act." *Id.* (citing *Complaint of McDonough Marine Serv., a Div. of Marmac Corp.*, 749 F. Supp. 128, 130 (E.D. La. 1990) (Arceneaux, J.)).

Another limitation to enjoining the state court action is the Anti-Injunction Act, which states, "A court of the United States may not grant an injunction to stay

6

proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The prohibition against interfering in state proceedings embodies a strong policy that, recognizing the 'independence of the States and their courts, the exceptions should not be enlarged.'" *Aptim Corp. v. McCall*, 888 F.3d 129, 142 (5th Cir. 2018) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). "Any doubts as to the 'propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed. . . . The explicit wording of § 2283 itself implies as much.'" *Id.* at 143 (quoting *Atl. Coast Line*, 398 U.S. at 297). Nevertheless, "[t]he court's primary concern [in a limitation action] is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine*, 964 F.2d at 1575.

## A.

Great Lakes does not have the right to enjoin Rios's state court proceeding. The right to enjoin state court proceedings during the pendency of a limitation action is reserved to the shipowner or petitioner in limitation. *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485 (5th Cir. 1991) ("The benefits of the Act, however, are, by their plain terms, conferred on ship *owners* only. . . . Rule F also states that it permits enjoining proceedings against the *owner*, and makes no reference to enjoining proceedings against other parties."); *Lynx*, 2014 WL 1378869, at *3 (denying a claimant's motion to stay "for the simple fact that there is no record of it initiating a limitation suit in this or any federal court. . . . The plain language of both section

30511(c) and Rule F of the Supplemental Admiralty Rules makes clear that the right to concursus only follows the satisfaction of specific procedural requirements that [claimant] has not satisfied here."); *McDonough Marine*, 749 F. Supp. at 131 (finding that the claimant ship manufacturer seeking indemnification from the shipowner "cannot seek the Act's protections through a stay of state court proceedings against it because the manufacturer . . . has no right to do so").

Additionally, Great Lakes does not fall under the exceptions recognized by the Fifth Circuit. The Fifth Circuit has found it "way too doctrinaire to stress so heavily the literal terms of the Act," which limits the benefits of the limitation act to shipowners, and the benefits and protections of the limitation act have been expanded to lawsuits against the shipowner's insurers and corporate officers. *Guillot v. Cenac Towing Co.*, 366 F.2d 898, 906 (5th Cir. 1966) (enjoining a lawsuit against the shipowner's corporate officers and liability insurer because the state court action might have exhausted the shipowner's insurance and charged the shipowner with privity and knowledge of the accident); *Magnolia Marine*, 964 F.2d at 1579 (requiring the limitation action to precede the state court direct action against the shipowner's insurer because the state court judgment could deplete the shipowner's coverage). Since Great Lakes is neither an insurer nor an officer of Coastal Dawn, and Rios has not brought a direct action lawsuit in Texas state court, these exceptions do not apply.

**B.**

Furthermore, Rios has not violated this Court's August 29, 2017 order. The Court prohibited "the commencement or further prosecution of any action o[r]

8

proceeding against *petitioner, its employees, its insurers, or any of its property with respect to any claim for which petitioner seeks exoneration from or limitation of liability . . . .*"[23]

Rios has sued Great Lakes in Texas state court for Jones Act negligence and he has not named Coastal Dawn, its employees, insurers, or property as a party in that state court action. Although Rios's claim against Great Lakes arises from the injury described in the limitation complaint, "this case involves state court actions in which neither the vessel owner, the owner *pro hac vice*, or their insurers have been named as parties in any manner. Thus, the claimants have not violated the injunction issued in these proceedings on [August 29, 2017]." *McDonough Marine*, 749 F. Supp. at 132

Great Lakes also asserts that Rios has violated the procedural protections of the vessel owner by suing Great Lakes in state court. The saving-to-suitors clause gives a claimant in a limitation action the right to bring an action against the shipowner and proceed outside of the limitation action in two instances:

> (1) the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

---

[23] R. Doc. No. 3, at 2 (emphasis added).

*Odeco*, 74 F.3d at 674 (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995)).

Great Lakes asserts that Rios has violated these procedural protections because Great Lakes, a co-claimant in the limitation action, did not stipulate to protect Coastal Dawn's right to limitation.[24] In Rios's response to Great Lakes' motion, he provided stipulations to Coastal Dawn asserting that Rios's state court lawsuit against Great Lakes will not threaten Coastal Dawn's right to limit its liability in this Court.[25] Irrespective of the sufficiency of Rios's stipulations or Great Lakes' refusal to stipulate, the proposed stipulations are unnecessary because Rios is not bringing a concurrent state court lawsuit against the shipowner or petitioner in the limitation action such that a stipulation is necessary. *See McDonough Marine*, 749 F. Supp. at 133 (finding it "unnecessary to retain exclusive jurisdiction over suits against non-vessel owners or to determine the adequacy of the stipulations filed by the parties in this proceeding where the state court actions have not been instituted against the shipowner, the owner *pro hac vice*, or the insurer of either party").

## C.

Finally, the Court finds that the Anti-Injunction Act does not mandate that this Court enjoin Rios's state court proceeding against Great Lakes.

---

[24] R. Doc. No. 44-1, at 9.
[25] R. Doc. No. 57, at 7–8.

**i.**

First, an injunction under these circumstances has not been authorized by Congress. "While the [limitation act] authorizes injunction of state suits against shipowners, corporate officers, and their insurers, it prohibits courts from staying state proceedings against other alleged tortfeasors." *Lynx*, 2014 WL 1378869, at *4 (citing *In re Complaint of River City Towing Servs., Inc.*, 199 F. Supp. 2d 495 (E.D. La. 2002) (Barbier, J.)); *see also, Zapata*, 926 F.2d at 485 (explaining that the "benefits of the Act are . . . by their plain terms, conferred on ship *owners* only"); *In re Diamond B Marine Serv., Inc.*, Nos. 99-951, 99-984, 99-1346, 2000 WL 726885, at *4 (E.D. La. June 5, 2000) (Clement, J.) ("[T]he Limitation Act authorizes a court to enjoin only state court actions brought against ship owners, corporate officers and insurers of a vessel; the Limitation Act does *not* authorize an injunction against state proceedings brought against captains, mates, or non-ship-owning employers."). Great Lakes is not the owner of the vessel seeking limitation; therefore, Congress has not expressly authorized an injunction in this action.

**ii.**

Second, Rios's Texas state court lawsuit does not threaten the jurisdiction of this Court. The "necessary in aid of jurisdiction" exception relates to the Court's ability to "protect or effectuate judgments" and authorizes "federal injunctive relief [that] may be necessary to prevent a state court from so interfering with a federal court's flexibility and authority to decide that case." *River City Towing*, 199 F. Supp. 2d. at 500–01 (quoting *Atl. Coast Line*, 398 U.S. at 295). "[N]o cases have been located

'in which a court has expanded this exception to include all admiralty actions or all actions related to a limitation proceeding.'" *Id.* at 501 (quoting *Diamond B Marine*, 2000 WL 726885, at *4).

Despite the fact that Great Lakes does not have the right to benefit from the limitation act's protections pursuant to the language of the statute and Fifth Circuit precedent, Great Lakes argues that Rios's Texas state court lawsuit against it risks depletion of Coastal Dawn's insurance policy and this Court's exclusive jurisdiction to decide "issues directly relevant to the vessel owner's claim for limitation — issues of privity or knowledge."[26] Specifically, Great Lakes argues that "[i]f the Texas state court finds Great Lakes' liability exceeds that of the limitation fund as set by this Court, Great Lakes' claims of defense and indemnity risk depletion of the fund."[27] Coastal Dawn, however, alerted the Court that, although it supports Great Lakes' motion to stay, there are unresolved issues of fact as to whether Coastal Dawn owes Great Lakes any defense or indemnity and, if so, to what extent.[28]

Because the Court has determined that Great Lakes cannot avail itself of the limitation act's protections, the Court need not address Great Lakes' arguments regarding the limitation fund or Coastal Dawn's privity or knowledge. However, the Court notes that:

> [b]ecause no claims against the petitioner in liability, [Coastal Dawn], can be prosecuted in state court, and, because, even if [Coastal Dawn] is allocated fault by a jury in state court, it would not be bound by that finding,

---

[26] R. Doc. No. 44-1, at 7.
[27] *Id.* at 8.
[28] R. Doc. No. 55.

12

> whatever happens in those state court proceedings ultimately will not affect [Coastal Dawn's] ability to limit its liability in the case before this Court.

*River City Towing*, 199 F. Supp. 2d at 501; *see also In re Waterman S.S. Corp.*, No. 91-1491, 1992 WL 116052, at *3 (E.D. La. May 6, 1992) (Sear, J.) (finding that a claimant seeking contribution from the shipowner in the limitation proceeding was not entitled to a stay because the state court determination against the claimant would not determine whether the shipowner's liability should be limited, even though the state court proceeding would involve some of the same issues as the limitation proceeding).

Furthermore, since Rios has not sued any of Coastal Dawn's insurers in state court, the risk of depletion of Coastal Dawn's insurance is too remote to justify a stay of Rios's state court action. *Waterman S.S. Corp.*, 1992 WL 116052, at *3 ("[L]itigation in state court against [a claimant seeking contribution from a shipowner] will not affect the availability of insurance monies . . . . The Limitation Act is very specific about applying to 'owners' and the court-created exceptions are extremely narrow and have been created for situations in which the shipowner is *directly* affected."); *McDonough Marine*, 749 F. Supp. at 131 (denying the motion for a stay by a claimant seeking indemnity from shipowners because no one filed claims against the shipowners or their insurers in state court); *cf. Magnolia Marine*, 964 F.2d at 1577 ("[B]ecause the Limitation Act protects only the owner, the Act does not preclude the claimant from recovering more than the value of the limitation fund from a party not entitled to the Act's protection."). Rios's Texas state court lawsuit solely against

Great Lakes will not affect this Court's ability, if appropriate, to limit Coastal Dawn's liability in the above-captioned matter.

### iii.

Third, the Court finds that the relitigation exception, which permits the Court to stay an action to protect its prior judgment or decisions, is not applicable "as the Court has not yet reached the merits of any of the parties' claims." *River City Towing*, 199 F. Supp. 2d at 502 (citing *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 249 (5th Cir. 1999)); *see also Matter of American Boat Company*, No. 16-506, 2018 WL 163654, at *4 (M.D. La. Apr. 5, 2018) (Dick, J.) (finding that the relitigation exception did not apply because "[t]here has been no decision rendered by this Court which would be 'appealable as a matter of right [prior to] conclusion of the litigation in district court;' hence, no final judgment has been made") (citation omitted)).

### III.

Great Lakes alternatively argues that it should be joined as a defendant to Rios's claim in the limitation proceeding under Rule 19 of the Federal Rules of Civil Procedure because it is an indispensable party to that claim. Great Lakes cites only a footnote to one case from another section of this Court to support its argument.[29] Likewise, Rios did not respond to Great Lakes' argument for required joinder. The

---

[29] R. Doc. No. 44-1, at 10 (citing *Diamond B Marine*, 2000 U.S. Dist. LEXIS 8311, 2000 WL 726885, n.6 ("Although Rule 19 does not authorize injunctions, petitioners still might be able to avail themselves of Rule 19's benefits.")).

Court will not address this argument until it is properly briefed by the parties. Great Lakes may reurge the motion if it so chooses.

## CONCLUSION

The Court finds that Rios's state court lawsuit in Harris County, Texas against Great Lakes does not threaten Coastal Dawn's right to limitation in this Court such that a stay of Rios's Texas state court proceeding is warranted.

For the forgoing reasons,

**IT IS ORDERED** that Great Lakes' motion[30] for injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that Great Lakes' motion for required joinder is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, January 31, 2019.

_____<br>
**LANCE M. AFRICK**<br>
**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. No. 44.