UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE § | | CIVIL ACTION NO. 17-8058 |
| COMPLAINT OF COASTAL DAWN § | | |
| SERVICES LLC, AS OWNER AND § | | SECTION I |
| DAWN SERVICES, LLC AS § | | |
| OPERATOR OF THE M/V COASTAL § | | JUDGE AFRICK |
| DAWN PETITIONING FOR § | | |
| EXONERATION FROM OR § | | MAG. JUDGE DOUGLAS |
| LIMITATION OF LIABILITY § | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER**

**MAY IT PLEASE THE COURT:**

Defendant Great Lakes Dredge & Dock Company, LLC, ("Great Lakes"), respectfully submits this Memorandum in Support of Great Lake's Motion for Joinder seeking an Order from this Honorable Court to join Great Lakes as a defendant in the claim filed by Delfino Rios ("Plaintiff") against the Limitation Petitioners, Coastal Dawn, LLC, as owner, and Dawn Services, LLC as operator of the M/V COASTAL DAWN (collectively, "Coastal Dawn"). As this Court knows, Coastal Dawn filed a limitation proceeding seeking exoneration and/or limitation of liability for all claims arising out of an accident on October 16, 2016 involving the Plaintiff, Delfino Rios, and his employer, Great Lakes. Pursuant to this Court's Order,[1] both Plaintiff and Great Lakes filed claims in the limitation proceeding asserting damages for Coastal Dawn's alleged negligence in causing the Plaintiff's injuries.[2]

Plaintiff has not filed suit against Great Lakes and has no claim against Great Lakes in the limitation proceeding. Instead, Plaintiff filed suit against Great Lakes alone in Texas state court. The distinct procedural rules of a limitation proceeding combined with Plaintiff's state court suit

---

[1] R. Doc. 2.
[2] R. Doc. 4.

against Great Lakes impedes Great Lakes' ability to protect its interests and exposes Great Lakes to possible inconsistent obligations. As such, Great Lakes moves this Honorable Court to issue an Order joining Great Lakes as a defendant in Plaintiff's claim against Coastal Dawn. Further, Great Lakes stipulates that it will consent to a jury trial in the Eastern District of Louisiana on all issues between the parties, reserving the court's power to rule on limitation issues, thereby eliminating tension between the Limitation Act and the saving to suitors clause.

## SUMMARY OF THE ARGUMENT

Federal Rules of Civil Procedure 19 and 20 provide a federal court with the power to join defendants in a suit to provide for the fair and complete resolution of an action. Rios has not asserted a claim against Great Lakes in the limitation proceeding. Rather, Rios filed suit against only Great Lakes in state court in Texas. Because Great Lakes has not been named as a defendant to Rios' claim in the limitation proceeding, which complicates the doctrines of *res judicata* and collateral estoppel, Great Lakes may be subject to double, multiple, or otherwise inconsistent obligations..

Great Lakes has claimed tort indemnity from Coastal Dawn in the limitation action based upon Great Lakes' payments of maintenance and cure to Rios. As explained herein, General Maritime Law permits Great Lakes to recover such payments from Coastal Dawn minus any percentage of fault allocated to Great Lakes. This recovery is predicated on the fact that Great Lakes is strictly liable for maintenance and cure, and can claim indemnity for the negligence of third parties. Both this Court and the Texas state court must decide the allocation of fault between Great Lakes and Coastal Dawn for allegedly causing Rios' injuries. These two separate allocations of fault subject Great Lakes to varying results and unpredictable obligations. As such, this Court should issue an Order joining Great Lakes as a defendant to Rios' claim to provide for the fair and

complete resolution of this matter and protect Great Lakes from the risk of incurring double, multiple, or otherwise inconsistent obligations.

In addition, to protect Coastal Dawn's absolute right to limit liability and to balance Rios' right to a jury trial under the saving to suitors clause, Great Lakes will stipulate to allowing a jury trial on all issues with this Court reserving the right to rule on issues of exoneration and/or limitation.

## FACTUAL AND PROCEDURAL BACKGROUND

Great Lakes employed Delfino Rios as a deckhand aboard the Derrick Crane Barge 63 ("barge"), which Great Lakes owned and operated. At the time of Plaintiff's incident, the barge was working on Great Lakes Shell Island West Project near Plaquemines Parish, Louisiana. To complete the project, Great Lakes contracted with Coastal Dawn to perform work and services, which included providing and operating the M/V COASTAL DAWN. On or about October 15, 2016, Plaintiff asserts that a pipe fell on top of him injuring his shoulder, neck, back, and arms. As this Court is well aware, Plaintiff originally filed suit on October 31, 2016 in Texas against Great Lakes.[3] Among his various claims, Plaintiff asserted that he was a seaman employed by Great Lakes and demanded maintenance and cure benefits. In response, Great Lakes has paid maintenance and cure to Plaintiff to fulfill its obligations as Plaintiff's Jones Act employer.

Upon further investigation of the incident, it is believed that the M/V COASTAL DAWN struck the pipe causing the pipe to shift and fall onto Plaintiff. Pursuant to the contract[4] between Great Lakes and Coastal Dawn as well as its tort indemnity claim for payment of maintenance and cure, Great Lakes filed a cross-claim against Coastal Dawn in the Texas proceeding seeking

---

[3] Ex. 1, Plaintiff's Original Petition, Case No. 2016-75613.
[4] Ex. 2, Purchase Order Terms and Conditions. The contract provides, "[Coastal Dawn] shall indemnify, defend and hold harmless [Great Lakes] and its customers from any and all claims which may result in any way from any act or omission by [Coastal Dawn], its agents, employees, or subcontractors arising out of any such operation."

defense and indemnity for Plaintiff's claims.[5] Coastal Dawn answered the cross-claim contending that the Texas state court had no personal jurisdiction over Coastal Dawn.[6] In response to Plaintiff's allegations and Great Lakes' cross-claim, on August 21, 2017, Coastal Dawn filed a limitation action in the Eastern District of New Orleans pursuant to 46 U.S.C. § 30501, *et seq.*, claiming exoneration and/or limitation of liability.[7]

Pursuant to this Court's Order,[8] Great Lakes asserted a claim in Coastal Dawn's limitation action, again pursuing tort indemnity for payment of maintenance and cure as well as contractual indemnity arising from Plaintiff's claims.[9] Plaintiff also asserted a claim in the limitation action against Coastal Dawn and only Coastal Dawn for his alleged injuries sustained during the incident.[10] Then, Great Lakes filed a motion to dismiss for improper venue or, in the alternative, a motion to transfer the limitation action to the U.S. District Court for the Southern District of Texas.[11] Asserting its same arguments in the Texas proceeding, Coastal Dawn opposed Great Lakes' motion and contended the Texas court could not exercise personal jurisdiction over Coastal Dawn.[12] To resolve jurisdictional issues, the parties participated in a status conference with this Court. This Court ultimately lifted its stay to allow the Texas state court to determine whether it could maintain personal jurisdiction over Coastal Dawn.[13]

After the parties participated in limited discovery in the Texas proceeding and filed jurisdictional motions, the Plaintiff consented to dismissing his pending Texas state court suit and to instead proceed in the Eastern District of Louisiana. To effectuate this mutual agreement, on

---

[5] Ex. 3, Great Lakes' Cross-Claim against Dawn Services, LLC.
[6] Ex. 4, Dawn Services, LLC's Special Exceptions and Original Answer to Plaintiff's First Amended Petition.
[7] R. Doc. 1.
[8] R. Doc. 2.
[9] R. Doc. 6. Great Lakes also claimed additional insured status under Coastal Dawn's insurance policies.
[10] R. Doc. 3.
[11] R. Doc. 6.
[12] R. Doc. 11.
[13] R. Doc. 18.

October 3, 2018, the Plaintiff filed a notice of non-suit without prejudice dismissing his claims, which the Texas state court granted on October 8, 2018.[14] On October 29, 2018, the parties held another status conference before this Court in which the parties stated "they did not have any further venue or jurisdictional issues."[15] Because Plaintiff did not name Great Lakes as an additional defendant in the limitation proceeding, Plaintiff had "no active claim" against Great Lakes.[16] Thus, notwithstanding the parties' mutual agreement to proceed in the Eastern District, on January 3, 2019 the Plaintiff filed suit against only Great Lakes in Texas asserting the same claims arising out of the incident on October 15, 2016.[17] Notably, Plaintiff reasserted its claim for maintenance and cure from Great Lakes.

Because of the unique procedural protections of a limitation proceeding coupled with Rios' failure to pursue a claim against Great Lakes in the limitation proceeding, Great Lakes' ability to protect its interest has now been impaired. Moreover, because Plaintiff has sued Great Lakes in Texas state court, Great Lakes is subject to incurring inconsistent obligations. As such, Great Lakes requests that this Honorable Court join Great Lakes as a defendant in Rios' claim against Coastal Dawn so as to prevent re-litigation of issues determined by this Court and protect Great Lakes from contradictory obligations.

## LAW AND ARGUMENT

### I.     The Limitation of Liability Act.

As this Court knows, the Limitation of Liability Act ("Limitation Act") allows a vessel owner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the value of the vessel. *See* 46 U.S.C. §30501, *et seq.* "When a shipowner files a federal

---

[14] Ex. 5, Plaintiff's Notice of Non-Suit without Prejudice.
[15] R. Doc. 27.
[16] R. Doc. 57, p. 1.
[17] Ex. 6, Plaintiff's January 2019 Texas Suit.

limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). Essentially, the Act allows the vessel owner to invoke a concursus proceeding in which all claimants must file suit in a single federal court forum. The Limitation Act, however, is restricted by the "saving to suitors" clause. *See* 28 U.S.C. § 1331(1). This clause reflects a preference for jury trials and common law remedies in the forum of the claimant's choosing. *Magnolia Marine Transport Co.*, 964 F.2d 1571, 1575 (5th Cir. 1992). "Although tension exists between the Limitation Act and the saving to suitors clause, 'the [district] court's primary concern is to protect the shipowner's absolute right to claim the Acts's liability cap, and to reserve the adjudication of that right in the federal forum.'" *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (quoting *Magnolia Marine*, 964 F.2d at 1575). However, to balance the interests of both parties, federal courts have permitted the plaintiff to proceed to trial by jury on issues of liability and damages, while reserving the determination of limitation issues to the federal judge. *In re Cresecent Energy Servs., LLC*, C.A. No. 15-819, 2015 U.S. Dist. LEXIS 159370 at p. *11 (E.D. La. Nov. 25, 2015) (Milazzo, J.)

After all claimants have filed damages claims in a limitation proceeding, the federal court proceeds to resolve the vessel owner's claim for exoneration and/or limitation of liability. *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988). In a typical limitation proceeding, the court undertakes a two-step process. *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036–37 (11th Cir. 1996). First, the federal court determines what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had privity or knowledge of those acts of negligence or

conditions of unseaworthiness. *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976). *See Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563–64 (11th Cir. 1985). The damage claimants bear the initial burden of establishing fault and causation, while the vessel owner bears the burden of establishing lack of privity or knowledge. *Farrell Lines*, 530 F.2d at 10.

The second step of the proceeding depends upon whether the vessel owner proves it lacked privity or knowledge and, thereby, is entitled to limitation. If the vessel owner fails to meet its burden and limitation is denied, the court has the discretion to send the case back to state court for a determination of the remaining issues, including damages. *See In re Miss Limestone Corp.*, C.A. No. 09-00036, 2010 U.S. Dist. LEXIS 114987 at *7-10 (N.D. Miss. Oct. 7, 2010); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2000). The court also has discretion to adjudicate the "whole case" and grant full relief in the interest of judicial efficiency. *In re Waterman S.S. Corp.*, C.A. No., 1992 U.S. Dist. LEXIS 2432 at *13 (E.D. La. Feb. 27, 1992) (Sear, J.) (quoting *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (5th Cir. 1960) (" . . . acknowledged power of the admiralty court to adjudicate the whole case and grant full relief even though limitation is denied.")). On the other hand, if the vessel owner is found liable, but entitled to limitation, the entirety of the case remains in federal court and the court marshals the assets and distributes the limitation fund among claimants. *In re Moran Transp. Corp.*, 185 F.2d 386, 389 (2d Cir. 1950), *cert. denied*, 340 U.S. 953 (1951); *Kattelman v. Otis Engineering Corp.*, 696 F. Supp. 1111, 1113 (E.D. La. 1988). Accordingly, the vessel owner is entitled to limit liability for any claims arising out of the alleged accident to the value of the limitation fund as set by the federal court.

As demonstrated below, one method to balance the vessel owner's absolute right to limit liability with the plaintiff's right to a jury trial under the saving to suitors clause, is to stipulate to

trial by jury on all issues with the federal court adjudicating any issue of exoneration and/or limitation.

## II. Joinder of parties under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 19(a) provides that a court may issue an order joining a necessary party to a claim. FED. R. CIV. PROC. 19. Specifically, the rule states:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

The U.S. Fifth Circuit Court of Appeals recognizes that "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). *See Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 230 (5th Cir. 2009). Moreover, "[u]ltimately, Rule 19 recognizes that, "[w]henever feasible, the persons materially interested in the subject of an action . . . should be joined as parties so that they may be heard and a complete disposition made." *JMCB, LLC v. Bd. of Commerce & Indus.*, C.A. No. 17-77-JWD-JCW, 2017 U.S. Dist. LEXIS 199386, at *15 (M.D. La. Dec. 5, 2017) (quoting FED. R. CIV. P. 19 advisory committee's notes to 1966 amendment.). Likewise, "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). Great Lakes is clearly materially interested in the subject of the limitation action, because it is a claimant.

Compulsory joinder serves as an exception to the general practice of allowing a plaintiff to decide what entities or persons shall be a party to his or her suit. Although the plaintiff has the right to "control" his own litigation:

> "This 'right' is, however, like all other rights, 'defined' by the rights of others. Thus the defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations. Likewise the interests of the outsider who cannot be joined must be considered. Finally there is the public interest and the interest the court has in seeing that insofar as possible the litigation will be both effective and expeditious."

*Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). *See Siemens Bldg. Techs., Inc. v. Jefferson Par.*, C.A. No., 2004 U.S. Dist. LEXIS 16153, at *14–15 (E.D. La. Aug. 12, 2004). This balancing of interests has led courts to use a "pragmatic" approach in weighing and considering the different harms that the parties and absentees might suffer. *Pulitzer*, 784 F.2d at 1309.

Rule 19 is subject to a two-part analysis. *Pulitzer*, 784 F.2d at 1309; *Cain v. City of New Orleans*, 184 F. Supp. 3d 349, 356 (E.D. La. 2016) (Vance, J.); *JMCB*, 2017 U.S. Dist. LEXIS at *15. *See also Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). First, under 19(a) the court must determine whether a party is necessary to a suit. If a party is necessary and joinder is feasible, the party must be joined in the action. "If there are no procedural or jurisdictional bars to joining such a party, Rule 19 requires that he be joined." *Schutten*, 421 F.2d at 873. Since Great Lakes is already a claimant in the limitation proceeding, no procedural or jurisdictional bars exist.

On the contrary, if a party is necessary, but joinder is infeasible, the court turns to the second step under 19(b) to determine whether the action should proceed without the "indispensable party." *See Philippines v. Pimentel*, 553 U.S. 851 (2008) (noting that the parties not joined were necessary, but that the existing parties only contested application of subdivision (b)). In other words, under 19(b), the court determines if it must dismiss an action because a party is indispensable and cannot be joined. What's unusual is that Great Lakes does not request dismissal for failure to join, instead Great Lakes seeks to be joined to a case in a proceeding in which it is already a party, but in another capacity. Therefore, since joinder is feasible, Great Lakes must be

added as a party under Rule 19(a). The below analysis will demonstrate that Great Lakes is a necessary party and must be joined.

In the alternative, if a court finds that a party is not necessary under 19(a), the court may exercise its discretion and join defendants pursuant to Federal Rule of Civil Procedure 20(a)(2). Pursuant to Rule 20(a)(2):

> "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

FED. R. CIV. P. 20. The main purpose of Rule 20(a) "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits" and "'joinder of claims, parties and remedies is strongly encouraged.'" *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Moreover, "[i]t is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-occurrence test is always satisfied." *In re EMC Corp.*, 677 F.3d 1351, 1543 (Fed. Cir. 2012) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (*per curiam*)).

### III. Great Lakes should be joined as a defendant in Rios' claim against Coastal Dawn pursuant to Rule 19 or 20.

Rios' only claim against Great Lakes exists not in the limitation proceeding, but instead in a state court suit filed in January 2019. Great Lakes seeks to be made a party to Rios' claim against Coastal Dawn in the limitation proceeding – a proceeding in which Great Lakes is a present, but in another capacity.

Because of the unique procedural protections of a limitation proceeding, Great Lakes' cannot adequately protect its interest and may be subject to inconsistent obligations outside of the limitation proceeding, thereby rendering Great Lakes a "necessary" party. FED. R. CIV. P. 19(a).

Great Lakes contends that Coastal Dawn should be found solely at fault in causing Rios' injuries. Yet, to comply with this Court's Order,[18] Great Lakes may not implead Coastal Dawn or bring a third-party claim against Coastal Dawn in the Texas suit.[19] Moreover, Great Lakes' interests are not adequately represented by Rios in his claim against Coastal Dawn. Since, the Limitation Act does not afford Great Lakes with a limitation of liability, Rios has an incentive to shift blame and responsibility to Great Lakes in Rios' claim against Coastal Dawn. Based upon the foregoing, Great Lakes' ability to protect its interests has been impaired and impeded in both the Texas suit and in the limitation proceeding. FED. R. CIV. P. 19.

Furthermore, Great Lakes risks incurring double, multiple, or otherwise inconsistent obligations, because Rios has not pursued a claim against it in the limitation proceeding, thereby complicating doctrines of *res judicata* and collateral estoppel. For example, Great Lakes' has claimed tort indemnity from Coastal Dawn arising from Great Lakes' payment of maintenance and cure to Rios as a Jones Act seaman. General Maritime Law entitles a Jones Act seaman injured in the service of the vessel to payment of maintenance and cure regardless of the employer's fault in causing the injuries. *See e.g.*, *Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 730 (1943). Thus, the Jones Act employer has an absolute non-delegable duty to pay maintenance and cure until the seaman reaches maximum medical improvement. *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1012 (5th Cir. 1994). However, the employer may recover such payments from a third-party whose negligence partially or wholly caused the seaman's injury. *Id*. If the employer is concurrently negligent with the third-party, the employer's recovery is proportionately reduced by its allocation of fault. *Adams v. Texaco, Inc.*, 640 F.2d 618 (5th Cir. 1981). *See also In re Liberty*

---

[18] R. Doc. 2.

[19] Moreover, a Texas state court likely cannot exercise personal jurisdiction over Coastal Dawn.

*Seafood*, 38 F.3d 755, 758–59 (5th Cir. 1994). Therefore, Great Lakes may recover payments to Rios from Coastal Dawn minus any allocation of fault assessed against Great Lakes.

At the first stage of the limitation proceeding, this Court must determine the fault and liability of Great Lakes and Coastal Dawn in causing Rios' accident. In making those determinations, this Court may allocate 30% fault to Great Lakes and 70% fault to Coastal Dawn. Pursuant to this hypothetical allocation, Great Lakes could recover 70% of its maintenance and cure payments made to Rios in the limitation proceeding. However, the Texas state court may view the evidence in a different light and assess 70% fault to Great Lakes and 30% fault to Coastal Dawn. Thus, under this hypothetical allocation, Great Lakes could only recover 30% of its maintenance and cure payments and would also have to pay 70% of damages to Rios for his Jones Act claims. Moreover, damages recoverable in a Jones Act negligence claim includes past medical costs, which overlaps with the employer's cure payments. *Sosa v. M/V Lago Izabal*, 763 F.2d 1028, 1034–35 (5th Cir. 1984). In Great Lakes subsequent pursuit of recovery of payments from Coastal Dawn, would Great Lakes be able to recover 30% or 70% of its maintenance and cure payments? Without Great Lakes joined as a defendant in Rios' claim against Coastal Dawn, the Texas state court may refuse to abide by this Court's allocation of fault and may find that the doctrines of *res judicata* and collateral estoppel do not apply. Accordingly, Great Lakes is a necessary party and must be allowed to protect its material interests in the limitation proceeding.

Moreover, in the interest of judicial efficiency, equity, and to achieve the fair and adequate resolution of this entire dispute, this Court should join Great Lakes as a necessary party under Rule 19a. Great Lakes does not seek to join additional parties into the limitation proceeding, rather, Great Lakes seeks to be made an additional defendant to a claim already asserted in the limitation

proceeding. For example, in *In re Complaint of Clearsky Shipping Corp.*, in the interest of efficiency and resolution of all claims, Judge Sear of the Eastern District entered an Order stating:

> Further, to the extent that any claimant in the limitation proceeding desires to allege a cause of action against a non-vessel individual or entity, the claimant must seek to join that individual or entity in the limitation proceeding or wait until after hearing and determination of the limitation proceeding to prosecute the cause of action. [R. Doc. 879].

C.A. No. 96-4099, 1999 U.S. Dist. LEXIS 17784 (E.D. La. Nov. 10, 1999). Likewise, this Court should join Great Lakes as an additional defendant in Rios' claim against Coastal Dawn.

If this Court finds that Great Lakes is not a "necessary" party under Rule 19, Great Lakes may still be joined as a permissive party under Rule 20. Under General Maritime Law, Great Lakes and Coastal Dawn are joint and severally liable for Rios' alleged injuries. *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1134 (5th Cir. 1995). Moreover, Rios' potential claims against Great Lakes' arise out of the same transaction or occurrence as his claims against Coastal Dawn – his alleged accident on October 16, 2016. Rios' claims against both Coastal Dawn and Great Lakes will present common issues of both fact and law – namely which entity caused the accident and the extent of each entities' liability. Accordingly, Great Lakes may be joined as a permissive party under Rule 20(a)(2). *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) ("[W]here defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction – occurrence test is always satisfied.").

**IV.** **Great Lakes will stipulate to a jury trial in the Eastern District of Louisiana.**

In order to ease the Court's concern regarding the protection of Rios' right to a jury trial under the saving to suitors clause, Great Lakes will stipulate to one contemporaneous trial in the Eastern District with the federal judge determining issues of limitation and/or exoneration and the jury determining all remaining issues. This compromise promotes judicial efficiency and an equilibrium of interests between all parties involved.

Tension exists between the Limitation Act and the saving to suitors clause, because the concursus proceeding deprives a plaintiff of his or her right to a jury trial.[20] *Magnolia Marine Transport Co.*, 964 F.2d 1571, 1575 (5th Cir. 1992). In order to adequately guard the Coastal Dawn's right to limitation and also protect Rios' right to a jury trial, Great Lakes stipulates that it will consent to a jury trial in the Eastern District on all issues with the Honorable Judge Africk reserving the right to rule on the issue of Coastal Dawn's right to exoneration and/or limitation. The U.S. Supreme Court has held, "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim . . . ." *Fitzgerald . U.S. Lines Co.*, 374 U.S. 16, 18–21 (1963).  Following this reasoning and citing judicial efficiency, *In re Complaint of Poling Transp. Corp.*, the district court ordered that the entire proceeding would be empaneled to a jury with the court determining issues of limitation and the jury determining any remaining issues. 776 F. Supp. 779, 786–87 (S.D.N.Y. 1991) ("As long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, 'no compelling reason can be presented for denying [claimants] a jury on [the remaining issues].") (quoting *In re Complaint of Sammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 759 (2d Cir. 1988)). Likewise, the district court in *In re Great Lakes Dredge & Dock Co.* held that "[t]he most efficient course of action, is to empanel a jury and conduct simultaneous trials of the limitation issues and the claims. At the close of trial, the court will decide whether limitation is appropriate . . . and the jury will render a verdict on the remaining issues." 895 F. Supp. 604 (S.D.N.Y. 1995).

As another alternative, Great Lakes will also stipulate to allow bifurcation of trial in the Eastern District. This Court would first determine issues of exoneration and/or limitation through a bench trial. After those issues have been litigated, the Court's stay would be lifted and a jury trial

---

[20] Rios, a Jones Act seaman, is entitled to a trial by jury in any Jones Act negligence claim against Great Lakes.

would commence on all remaining damages, including damages. This bifurcation approach, deciding liability and limitation first in a bench trial and then lifting the stay to allow claimants to litigate remaining issues is a common compromise with courts in order to ease conflict between the saving to suitors clause and the Limitation Act. *In re Cresecent Energy Servs., LLC*, C.A. No. 15-819, 2015 U.S. Dist. LEXIS 159370 at p. *11 (E.D. La. Nov. 25, 2015) (Milazzo, J.) (allowing a bench trial on all issues of limitation of liability and a jury trial in the Eastern District on all remaining personal injury claims) (citing *In re the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, C.A. No. 13-6351, 2014 U.S. Dist. LEXIS 160420, at *5 (E.D. La. Nov. 13, 2014) (Brown, J.)). *See Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449–51 (4th Cir. 1999); *In re Complaint of Hill*, 935 F. Supp. 710, 711–12 (E.D.N.C. 1996); *In re Complaint of Sheen*, 709 F. Supp. 1123, 1126 n.2 (S.D. Fla. 1989). This approach promotes judicial efficiency and prevents re-litigation of the same issues.

If this Court determines that Coastal Dawn is not entitled to limit liability, Rios is entitled to bring suit against Coastal Dawn in the forum of his choice after the Court lifts its stay. However, due to personal jurisdiction issues, Coastal Dawn likely cannot be joined as a defendant in the already pending Texas state court suit against Great Lakes. Thus, presumably Rios would be forced to file suit against Coastal Dawn in a Louisiana state court, thereby allowing two trials on essentially the same set of facts and same set of issues. The above compromises ensure Coastal Dawn's absolute right to assert limitation, balance Rios' right to a jury trial, and results in one trier of fact determining the issues between Rios, Coastal Dawn, and Great Lakes.

                                              Respectfully submitted,

                                              JONES WALKER, L.L.P.

                     */s/ C. Barrett Rice*
JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (#30034)
SARA B. KUEBEL (#38305)
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8238 Telephone
(504) 589-8238 Facsimile

*Attorneys for Great Lakes Dredge & Dock Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's ECF filing system and/or US Mail, or email on this 12th day of February, 2019.

                         */s/ C. Barrett Rice*
C. BARRETT RICE (#30034)