UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF COASTAL DAWN SERVICES LLC, | § | CIVIL ACTION |
| AS OWNER AND DAWN SERVICES, LLC | § | |
| AS OPERATOR OF THE M/V COASTAL | § | NO. 2:17-CV-8058 |
| DAWN PETITIONING FOR | § | |
| EXONERATION FOR OR LIMITATION | § | SECTION I |
| OF LIABILITY | § | |

**CLAIMANT'S RESPONSE IN OPPOSITION TO LIMITATION PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE CROSS-CLAIM AND RULE 14C TENDER.**

Claimant Delfino Rios files this response in opposition to Plaintiff's Motion for Leave to file Cross-Claim and Rule 14(c) Tender, and will show this Court the following:

**A.      Limitation Petitioner's motion is untimely.**

This case was brought before this Court on August 21, 2017. *See Doc. 1.*  Claimant Delfino Rios's state court case was non-suited on October 3, 2018.  Almost thirty days later, Claimant Delfino Rios filed his claim against *only* Dawn Services on October 30, 2018.  *See Doc. 4.*  Almost thirty days after that, the deadline to file cross claims came and went on November 28, 2018.  *See Doc. 26.*  As this Court is well aware, trial for this matter is now set for Monday, April 22, 2019 – in about sixty days.  Now, more than a year after the initiation of this suit, more than 75 days after the deadline passed, and only roughly 60 days before trial, Petitioner now seeks leave to file a cross-claim.  Such should be denied.

Despite Petitioner's contention, nothing has changed procedurally in this case since the state court case was non-suited and Mr. Rios filed his claim in the instant case.  Indeed, it was well known on October 30, 2018, almost four months ago (and nearly a month before the deadline) that Mr. Rios was only bringing a claim against Dawn.  Dawn's motion did not become

necessary when Mr. Rios sued Great Lakes in state court, Dawn just realized it missed a deadline on that date.

Claimant Rios's position is further supported by relevant case law.  The Fifth Circuit in *Reyna v. Cross Seas Shipping corp.,* 987 F.2d 772 (5th Cir. 1993) denied a similar motion to file a cross-claim, and in so doing held that "the district court did not abuse its discretion in refusing to recognize Cross Seas' belated claim…among other things, such belated claims are far too disruptive to the proper, orderly, and economical disposition of actions."   In that case the proposed cross-claims were also filed after the deadline.

Additionally, the court in *In re Gulf States Long Term Acute Care of Covington, L.L.C.,* CIV.A. 11-1659, 2014 WL 294574, at *2 (E.D. La. Jan. 27, 2014) similarly held that a refusal to grant leave to amend a pleading was not error.  Specifically, that court held that "because the deadline for amending pleadings is well past, the Magistrate Judge correctly adjudicated Plaintiff's Motion under the stricter standard provided in Rule 16(b)(4). Having reviewed the Motion, the arguments of counsel, and the relevant law, the Court is not left with a definite and firm conviction that a mistake has been committed. To the contrary, the Magistrate Judge's ruling was a prudent exercise of her discretion, which this Court will not disturb on appeal."

Here, Limitation Petitioner filed its cross-claims almost four (4) months after the deadline. Such is extremely untimely, will cause prejudice, and should be denied.  By way of example, Claimant Rios has devised his trial strategy, and taken every deposition in this case, with the intention that the only 'defendant' in the limitation would be Dawn Services.  Such has been the procedural posture for the last almost five months.  Dawn, realizing it made a mistake, now attempts to correct that and include Great Lakes as a 'tort defendant' in the current case.

**B.      Great Lakes is not a necessary party to this case.**

Petitioner Dawn argues, without explanation, that Great Lakes is a necessary party to this action.  Such is not true.  As the Court is well aware, in a limitation action the Court determines whether a shipowner is entitled to limitation with a two-step process. First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.  *Coleman v. Jahncke Service, Inc*., 5 Cir. 1965, 341 F.2d 956; *Avera v. Florida Towing Corp*., 5 Cir. 1963, 322 F.2d 155.  And, more importantly, "the Act is very specific about applying *only* to ship owners and the court-created exceptions are extremely narrow *Int'l Marine Terminals Pshp. v. Hillmore Mar. Inc.*, CIVIL ACTION NO. 99-1637 C/W, 99-1674 C/W, 00-0250, 2000 U.S. Dist. LEXIS 4665 (E.D. La. 2000)(emphasis added).  In other words, there is no case law or statute requiring all negligent or potentially negligent parties to be brought before the Limitation Court.

Petitioner's true goal is to deprive Claimant of his right to a jury against Great Lakes in state court.  Simply put, Petitioner wishes to "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957).  This is precisely the type of conduct frowned upon by the Supreme Court.

**C.      Petitioner Has Not Shown Good Cause.**

In Petitioner's motion, it cites to Federal Rule 16(b)(4). However, Petitioner purposely left out part of the rule that states that a schedule may be modified with the judge's consent, in addition to good cause.  In *E.E.O.C. v. Serv. Temps Inc.,* 679 F.3d 323, 333–34 (5th Cir. 2012) the Fifth Circuit held that "this court reviews a trial court's denial of leave to amend pleadings for

abuse of discretion.  Under FED.R.CIV. P. 16(b)(4), a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension. The four factors relevant to good cause are: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *E.E.O.C. v. Serv. Temps Inc.,* 679 F.3d 323, 333–34 (5th Cir. 2012).

First, Petitioner's explanation about the failure to timely move for leave to amend is flawed.  It states that all parties have known of the division of liability since the inception of the case.  However, even if that is the case, it is further proof that Petitioner failed to timely file its cross-claims despite knowing about Great Lakes liability since "inception."  This explanation is meritless.

Next, as previously pled, the amendment is not important because Great Lakes is not a necessary party to this lawsuit.  However, there is significant prejudice in allowing Dawn's amendment. This prejudice includes the likely delay of this case, additional expenses for new discovery that will have to be served on Great Lakes, coordination of depositions of former Great Lakes witnesses that are out of state (the only other eye-witnesses to the accident) that would become necessary if Dawn's motion is granted – prior to this development Mr. Rios just planned on deposing these witnesses in the state court case, and a re-tooling of Mr. Rios's trial preparations that were previously geared towards just Dawn Services.  Finally, it appears Dawn has made no effort to address the availability of a continuance to cure this prejudice.

## D.    Conclusion.

On the eve of trial, and realizing that Claimant Rios did not file a claim against Great Lakes, and Great Lakes had no standing to enjoin Rios from suing it in state court in Texas (Doc.

60), Dawn and Great Lakes are trying to engineer a way to stop Claimant Rios's lawsuit in Texas state court.  Their reasoning is understandable – Dawn and Great Lakes do not want a jury to hear the liability facts of this case and then determine Mr. Rios's damages after receiving one neck surgery and preparing for a second.  However, such is not proper justification to add Great Lakes in a cross claim well after the Court ordered deadline.  Dawn missed its deadline to do this, and has not provided this Court with any explanation as to why.  Dawn should lose on this point alone.  The time for Dawn to take this action was at the end of November 2018.  For whatever reason, Dawn did not.  Dawn now asks that this Court upend the parties' trial preparations to accommodate for Dawn's dilatory conduct.  Dawn's motion should be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimant prays that his Response in Opposition be deemed good and sufficient, and that Petitioner's motion for leave be denied, and for such other relief to which he may be justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/: Anthony G. Buzbee*
    Anthony G. Buzbee
    Attorney-in-charge
    State Bar No. 24001820
    Fed. ID No. 22679
    J.P. Morgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Phone: (713) 223-5393
    Facsimile: (713) 223-5909
    Email: TBuzbee@txattorneys.com

**ATTORNEYS FOR CLAIMANT MR. RIOS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the February 19, 2019, Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

*/s/ Christopher J. Leavitt*
Christopher J. Leavitt