MINUTE ENTRY
DOUGLAS, M.J.
FEBRUARY 27, 2019

                      UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF LOUISIANA

IN RE: IN THE MATTER OF COASTAL         CIVIL ACTION
DAWN, L.L.C., ET AL.

                                                        NO. 17-8058

                                                          SECTION "I" (3)

       On this date, the Motion for Leave to File Cross-Claim and Rule 14(c) Tender [Doc. #66] came on for oral hearing before the undersigned. Present were Chris Leavitt on behalf of claimant Delfino Rios and Alfred Rufty on behalf of petitioners. For the reasons stated on the record and those outlined below,

       **IT IS ORDERED** that the Motion for Leave to File Cross-Claim and Rule 14(c) Tender [Doc. #66] is DENIED.

       In this motion, petitioners Coastal Dawn, L.L.C. and Dawn Services, L.L.C. (collectively, "Coastal Dawn") seek to file a cross-claim and a Rule 14(c) tender against claimant Great Lakes Dredge & Dock Company, L.L.C. ("Great Lakes"). When – as here – the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis

MJSTAR: 00:25

added). "In determining good cause, [the Court] consider[s] four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting *S & W Enters.*, 315 F.3d at 535); *accord Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Nunez v. U.S. Postal Serv.*, 298 F. App'x 316, 319 (5th Cir. 2008); *In re Int'l Marine, L.L.C.*, Civ. A. No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009).

While Coastal Dawn argues that this amendment is necessitated by the recent re-filing of claimant Delfino Rios's lawsuit in Texas state court, this Court cannot escape the fact that had all of the parties "assumed" – as Coastal Dawn argues – that the liability of all of the parties would be tried in this limitation action, Coastal Dawn would have filed this motion much earlier. This Court is wary to rule on a motion based on "assumptions" that one or all of the parties might possess. "Assumptions" are not the building blocks of our legal system. Neither is the amendment important, given that Great Lakes is not a necessary party to a limitation proceeding that need only involve the limitation petitioner and any claimant, not a co-tortfeasor. *Int'l Marine Terminals P'ship v. Hillmore Mar. Inc.*, Civ. A. No. 00-0250, 2000 WL 351429, at *2 (E.D. La. Apr. 3, 2000) ("the Limitation of Liability Act is very specific about applying only to ship owners."). Given the late filing, prejudice will certainly arise of the potential for some extra discovery. Rios contends that he will need at least two more depositions in conjunction with any claim that he would need to assert against Great Lakes, and this Court is reticent to disrupt the District Court's scheduling

order at this late date. These two potential deponents no longer work for Great Lakes, and subpoenas would be required to obtain their presence at the depositions. Moreover, were the Court to grant this motion, Rios would also suffer prejudice due to the fact that he would lose his right to a jury trial. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). This, the Court is unwilling to do. And there is no assurance that the District Court will grant any continuance here to cure such prejudice that Rios may suffer.

*[signature]*

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**